**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SONER ACUN, | Civil Action No. 1:18-cv-07217-GBD-SN |
| Plaintiff, | |
| v. | |
| MERRILL LYNCH, PIERCE, FENNER AND SMITH, | |
| Defendant. | |

---

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO ENFORCE THE PARTIES' SETTLEMENT AGREEMENT**

---

BRESSLER, AMERY & ROSS
A Professional Corporation
17 State Street
New York, New York  10004
(212) 425-9300
Attorneys for Defendant

*Of Counsel*:
Rima F. Hartman, Esq.

*On the Brief*:
Rima F. Hartman, Esq.
Justin E. Condit, Esq.

## TABLE OF CONTENTS

**Page**

I.      PRELIMINARY STATEMENT ........................................................................................1

II.     STATEMENT OF MATERIAL FACTS ...........................................................................1

      A.      The Parties Entered into a Binding Settlement Agreement on the Record. ...................................................................................................1

      B.      Plaintiff Unreasonably Refused to Sign a Written Agreement Memorializing the Terms of the Settlement. ........................................................3

      C.      The Court Reminded Plaintiff of the Settlement Terms to Which He Had Agreed and Discussed His Concerns with Him. ........................4

      D.      Plaintiff Persisted in Refusing to Sign a Written Agreement, and the Court Granted Defendant Leave to File the Instant Motion. ......................................................................................................................5

III.    ARGUMENT AND AUTHORITY ....................................................................................5

      THE COURT SHOULD ENFORCE THE PARTIES' BINDING SETTLEMENT AGREEMENT AND DISMISS THIS CASE WITH PREJUDICE. ..........................................................................................................................5

      A.      Plaintiff Is Bound by the Parties' Agreement, Even if He Has Changed his Mind. .................................................................................................5

      B.      The Parties' Settlement Agreement is Binding and Enforceable, Notwithstanding the Absence of a Signed Writing. ...........................................6

          1.      Plaintiff Did Not Reserve the Right Not to Be Bound by the Settlement Agreement in the Absence of a Writing. .....................................7

          2.      The Parties Partially Performed by Ceasing to Litigate after the Settlement. ...............................................................................................7

          3.      The Parties Agreed on All Material Terms at the Settlement Conference. .................................................................................................8

          4.      The Parties' Oral Settlement Agreement on the Record in Open Court Is Equivalent to a Memorializing Writing. ................................8

      C.      This Court Has an Established Precedent of Properly Enforcing Oral Settlement Agreements Like the One at Issue Here. ................................9

IV.     CONCLUSION ................................................................................................................10

ii

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Doe v. Kogut*,
  2017 U.S. Dist. LEXIS 53138 (S.D.N.Y. Apr. 6, 2017)..........................................6, 7, 8, 9, 10

*Hostcentric Techs., Inc. v. Republic Thunderbolt, LLC*,
  2005 U.S. Dist. LEXIS 11130 (S.D.N.Y. June 9, 2005)..........................................................7

*Lopez v. City of New York*,
  242 F. Supp. 2d 392 (S.D.N.Y. 2003).....................................................................................9

*Omega Eng'g, Inc. v. Omega, S.A.*,
  432 F.3d 437 (2d Cir. 2005).....................................................................................................5

*Oparah v. N.Y.C. Dep't of Educ.*,
  2015 U.S. Dist. LEXIS 90651 (S.D.N.Y. Mar. 9, 2015) .........................................6, 7, 8, 9, 10

*Powell v. Omnicom*,
  497 F.3d 124 (2d Cir. 2007).....................................................................................................6

*U.S. Fire Ins. Co. v. Pierson & Smith, Inc.*,
  2007 U.S. Dist. LEXIS 92192 (S.D.N.Y. Dec. 17, 2007) .......................................................6

*Willgerodt v. Hohri*,
  953 F. Supp. 557 (S.D.N.Y. 1997), *aff'd sub nom. Majority Peoples' Fund for
  21st Century, Inc. v. Hohri*, 159 F.3d 1347 (2d Cir. 1998).......................................................5

## I.      PRELIMINARY STATEMENT

This matter comes before the Court on the motion ("Motion") of Defendant Merrill Lynch, Pierce, Fenner & Smith Inc. ("Defendant" or "Merrill Lynch") to enforce the settlement agreement the parties entered on February 1, 2019.  The record is clear and indisputable:  (1) at a settlement conference with the Court, the parties entered into a comprehensive, binding, and enforceable settlement agreement on the record; (2) Plaintiff Soner Acun ("Plaintiff") confirmed that he understood and accepted the material terms of the settlement agreement; (3) Plaintiff affirmed that he understood he was entering into a binding and enforceable oral agreement; and thereafter, (4) Plaintiff unreasonably refused to sign a written agreement memorializing the terms of the parties' settlement.  For these reasons and the others stated herein, Defendant respectfully requests that the Court grant this Motion and enforce the parties' settlement agreement, including by dismissing the instant action with prejudice.

## II.      STATEMENT OF MATERIAL FACTS

### A.      The Parties Entered into a Binding Settlement Agreement on the Record.

On February 1, 2019, the parties, along with their respective counsel, appeared before the Court to participate in a settlement conference.  *See* Declaration of Rima F. Hartman, ("Hartman Decl."), attached hereto, at ¶ 3.  Among the issues raised at the settlement conference was a request by Plaintiff to change his termination reason in Merrill Lynch's records to reflect a resignation, instead of an involuntary termination.  *Id.*  In response to this request, Defendant explained to the Court that it could not falsify employment records, but its practice is not to disclose the termination reason to prospective employers.  *Id.*  Rather, as Defendant pointed out, the standard settlement agreement includes an employment verification clause calling for "a neutral reference to any third-party verifier," provided the request is made through specified channels.  *Id.*  The Court relayed this information to Plaintiff and his counsel.  *Id.*

After several hours of negotiations facilitated by the Court, the parties entered into a binding and enforceable settlement agreement, which the Court placed on the record. *Id.* The Court plainly stated: "I understand that the parties intend to memorialize the agreement in writing, but ***today we're going to enter into an enforceable oral contract and set forth all of those material terms.*" *See* Exhibit A to Hartman Decl., (hereinafter "Transcript"), at 5 (emphasis added). Neither party objected to, or contradicted, the Court's clear declaration, and neither party reserved the right not to be bound absent a written agreement. *See* Transcript at 5-8. The Court then proceeded to specifically recite the material terms of the parties' settlement agreement into the record. *Id.* at 5-6. Among the material terms the Court outlined was the following: **"[T]he case is going to be settled and dismissed with prejudice . . .**" *Id.* at 5 (emphasis added). After the Court listed the material terms, counsel for both parties affirmed the same. *Id.* at 6.

The Court "ask[ed] each party to enter into this agreement" and made clear that "there will be a binding and enforceable oral agreement." *Id.* at 4-5. Plaintiff affirmed that he understood and accepted the material terms of the settlement agreement and that he understood ***"that by accepting these terms [he was] entering into a binding and enforceable oral agreement."*** *Id.* at 5-7 (emphasis added). The following exchange occurred between Plaintiff and the Court:

> Q:  Okay. So again, I am going to ask each party to enter into this agreement and then ***there will be a binding and enforceable oral agreement***. So Mr. Acun, do you understand these material terms of the agreement?
>
> A:  ***I do.***
>
> Q:  And do you accept them?
>
> A:  ***I accept them.***

> Q:      Okay. And you understand that by accepting these terms you're entering into a binding and enforceable oral agreement?
>
> A:      ***Yes, I do.***

*Id.* at 6-7 (emphasis added).  Defendant then declared that it, too, understood and accepted the terms of the agreement.  *Id.* at 7-8.  Thereafter, the Court gave the parties 45 days to memorialize the settlement in a written agreement, which deadline was later extended to April 1, 2019. Hartman Decl. at ¶ 8; Dkt. No. 20.

### B.   Plaintiff Unreasonably Refused to Sign a Written Agreement Memorializing the Terms of the Settlement.

One week after the settlement conference, on February 8, 2019, Defendant provided Plaintiff with its standard settlement agreement, the salient terms of which had been specifically discussed and agreed to at the settlement conference.  *Id.* at ¶ 9.  Thereafter, Plaintiff, through his *pro bono* counsel, requested various revisions.  *Id.*  Although Defendant's standard written agreement is used in cases all over the country and is generally not subject to revision, Defendant agreed to revise the agreement in a number of ways and, on March 15, 2019, provided Plaintiff with a new version of the written settlement agreement reflecting the changes.  *Id.*

Notwithstanding these concessions, on March 19, 2019, Plaintiff raised a new concern, objecting to another provision of the written settlement agreement.  *Id.* at ¶ 10.  Defendant revised the agreement by removing the provision at issue.  *Id.*

On March 25, 2019, Plaintiff's counsel notified counsel for Defendant that Plaintiff would not be signing the written settlement agreement.  *Id.* at ¶ 11.  This time, Plaintiff's refusal was based on his insistence that Defendant change his termination reason to "resignation." According to his counsel, Plaintiff was attempting to suggest that the parties had agreed to this at the settlement conference – which Plaintiff's counsel acknowledged was inconsistent with his

own recollection.   *Id.*   In fact, as noted above, this topic was specifically discussed – and Plaintiff's request was specifically rejected – at the settlement conference.   Hartman Decl. at ¶ 11.

### C.   The Court Reminded Plaintiff of the Settlement Terms to Which He Had Agreed and Discussed His Concerns with Him.

After unreasonably refusing to sign the written settlement agreement, Plaintiff asked the Court to reinstate the case.   Dkt. No. 22.   For its part, Defendant requested leave to file a motion to enforce the oral settlement agreement.   Dkt. No. 21.   In response, the Court ordered the parties to appear by telephone at a conference on April 5, 2019.   Dkt. Nos. 23-25.

During the April 5 telephone conference, the Court listened to and addressed each and every concern Plaintiff raised regarding the written settlement agreement last proposed by Defendant.   Hartman Decl. at ¶ 13.   Regarding Plaintiff's request to change his termination reason to "resignation," the Court reminded Plaintiff of the discussion at the settlement conference wherein Defendant explained to the Court why it could not and would not make the requested change, and the Court relayed that information to Plaintiff.   *Id.*   Plaintiff's *pro bono* counsel agreed with the Court's recollection of the above-described discussion.   *Id*.   The Court did, however, ask Defendant to consider making certain other changes to the written agreement. *Id.*   At the conclusion of the April 5 call, the Court instructed defense counsel to notify the Court on or before April 19, 2019 whether Plaintiff had signed a writing memorializing the parties' settlement agreement.   *Id.*

**D.**   **Plaintiff Persisted in Refusing to Sign a Written Agreement, and the Court Granted Defendant Leave to File the Instant Motion.**

On April 8, 2019, Defendant, ***having made the revisions recommended by the Court***, sent Plaintiff's counsel another revised written agreement. *Id.* at ¶ 14.  Without explanation or comment, Plaintiff again refused to sign. *Id.*  Therefore, on April 19, 2019, Defendant renewed its request for leave to file a motion to enforce the oral settlement agreement. Dkt. No. 26.  On April 24, 2019, Plaintiff's *pro bono* counsel withdrew from the case. Dkt. No. 27.  On April 29, 2019, the Court granted Defendant's request for leave to file the instant Motion. Dkt. No. 28.

## III.   ARGUMENT AND AUTHORITY

**THE COURT SHOULD ENFORCE THE PARTIES' BINDING SETTLEMENT AGREEMENT AND DISMISS THIS CASE WITH PREJUDICE.**

"Settlement agreements are strongly favored in New York and may not be lightly cast aside." *Willgerodt v. Hohri*, 953 F. Supp. 557, 560 (S.D.N.Y. 1997), *aff'd sub nom. Majority Peoples' Fund for 21st Century, Inc. v. Hohri*, 159 F.3d 1347 (2d Cir. 1998).  Furthermore, the Court's "inherent power to enforce summarily a settlement agreement . . . is 'especially clear where the settlement is reported to the court during the course of a trial or other significant courtroom proceedings'" *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 444 (2d Cir. 2005) (quoting *Janus Films, Inc. v. Miller*, 801 F.2d 578, 583 (2d Cir. 1986)).

**A.**   **Plaintiff Is Bound by the Parties' Agreement, Even if He Has Changed his Mind.**

By moving to reinstate this action, Plaintiff seeks to extricate himself from the binding and enforceable agreement the parties entered on February 1, 2019.  The law is clear, however, that he cannot do so. *See Omega Eng'g*, 432 F.3d at 445 ("It is an elementary principle of contract law that a party's subsequent change of heart will not unmake a bargain already made."). "Once a court finds that parties reached a settlement agreement . . . such agreement is binding on all parties, even if a party has a change of heart between the time of the agreement . . . and the

time it is reduced to writing."  *Oparah v. N.Y.C. Dep't of Educ.*, 2015 U.S. Dist. LEXIS 90651, at *6 (S.D.N.Y. Mar. 9, 2015) (quotations and citations omitted); *U.S. Fire Ins. Co. v. Pierson & Smith, Inc.*, 2007 U.S. Dist. LEXIS 92192, at *7 (S.D.N.Y. Dec. 17, 2007) ("[w]here a party has entered into an oral agreement to settle, the party cannot avoid the settlement by refusing to sign the papers that would memorialize the terms of the agreement that were reported to the court").

**B.    The Parties' Settlement Agreement is Binding and Enforceable, Notwithstanding the Absence of a Signed Writing.**

Nor does the fact that Plaintiff has not signed a written settlement agreement alter the outcome.  "Parties may enter and be bound by an agreement without signing a fully executed contract."  *Doe v. Kogut*, 2017 U.S. Dist. LEXIS 53138, at *13 (S.D.N.Y. Apr. 6, 2017) (citing *Winston v. Mediafare Entm't Corp.*, 777 F.2d 78, 80 (2d Cir. 1985) and *Bonnette v. Long Island Coll. Hosp.*, 3 N.Y.3d 281, 819 N.E.2d 206, 785 N.Y.S.2d 738 (2004)).  "Where there is no signed, written document on which to rely, the controlling factor in determining whether parties are bound by an agreement is whether a court has evidence of the parties' intent to be bound."  *Id.* (citing *Powell v. Omnicom*, 497 F.3d 124, 129 (2d Cir. 2007); *Winston*, 777 F.2d at 80).

The Second Circuit has adopted a four-factor test to decide whether parties intended to be bound in the absence of a writing:  "(1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing."  *Powell*, 497 F.3d at 129.  "No single factor is decisive, but each provides significant guidance."  *Id.* at 129-30 (quoting *Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 323 (2d Cir. 1997)).

1. **Plaintiff Did Not Reserve the Right Not to Be Bound by the Settlement Agreement in the Absence of a Writing.**

Neither party at the February 1 settlement conference reserved the right not to be bound by the oral settlement agreement until a written agreement was executed. *See* Hartman Decl., at ¶ 6. Rather, the Court made clear that, although the parties intended to memorialize the settlement agreement in writing, "today we're going to enter into an enforceable oral contract and set forth all of those material terms." *Id. See, e.g., Oparah*, 2015 U.S. Dist. LEXIS 90651, at *10-11 (finding that the first factor weighs strongly in favor of enforcing the settlement where the parties agreed on the record that "the oral contract would be enforceable notwithstanding the possibility of a written memorialization"); *accord Kogut*, 2017 U.S. Dist. LEXIS 53138, at *17; *Hostcentric Techs., Inc. v. Republic Thunderbolt, LLC*, 2005 U.S. Dist. LEXIS 11130, at *18 (S.D.N.Y. June 9, 2005) ("the mere fact that the parties contemplate memorializing their agreement in a formal document does not prevent their informal agreement from taking effect prior to that event").

2. **The Parties Partially Performed by Ceasing to Litigate after the Settlement.**

Following the settlement conference, the parties ceased litigating, and neither party pursued any discovery, which would have commenced immediately if they had not reached a settlement. *See, e.g., Oparah*, 2015 U.S. Dist. LEXIS 90651, at *11-12 (finding evidence of partial performance where the parties ceased litigating and the defendant drafted the memorializing settlement papers). Instead, Defendant attempted multiple times to memorialize the terms of the parties' settlement agreement in a form satisfactory to Plaintiff. *See* Hartman Decl., at ¶¶ 9-11. However, despite Defendant's efforts, Plaintiff unreasonably refused to sign the written agreement memorializing the terms of the parties' settlement and baselessly attempted to "reinstate" the case. *Id*. at ¶ 12. Therefore, any lack of partial performance was

7

caused directly by Plaintiff and his unjustified obstruction to memorializing the agreement.  *See,
e.g., Kogut*, 2017 U.S. Dist. LEXIS 53138, at *20-22 (finding that plaintiff caused the lack of
partial performance by refusing to finalize the settlement in a writing and expressing that he
intended to proceed to trial).

### 3.   The Parties Agreed on All Material Terms at the Settlement Conference.

Plaintiff cannot dispute that the parties agreed to all the material terms of the settlement
agreement at the February 1 settlement conference.  After the Court recited the terms on the
record, counsel for both parties confirmed that these were all of the material terms of the parties'
settlement agreement.  *See* Transcript at 5-6.  Further, all the material terms of the parties'
settlement agreement were properly reflected in the proposed written settlement agreement
provided to Plaintiff on April 8, 2019.  *See* Hartman Decl., at ¶ 14.  Plaintiff could not identify
any material terms that were excluded and instead simply refused to sign the agreement without
explanation or discussion.  *See, e.g., Oparah*, 2015 U.S. Dist. LEXIS 90651, at *13-14 (finding
no material terms remained to be negotiated where plaintiff could not identify any that were
excluded from the agreement).

### 4.   The Parties' Oral Settlement Agreement on the Record in Open Court Is Equivalent to a Memorializing Writing.

Although settlement agreements are generally reduced to writing, oral settlement
agreements placed on the record in open court are equivalent to a memorializing writing.  *See,
e.g., Kogut*, 2017 U.S. Dist. LEXIS 53138, at *22-23 (finding the fourth factor weighs in favor of
enforcing the settlement agreement where the material terms were read into the record and
agreed to by the parties at a settlement conference); *Oparah*, 2015 U.S. Dist. LEXIS 90651, at
*16 ("The oral agreement on the record is therefore akin to an in-court acceptance of the terms.")
citing *Pierre v. Chase Inv. Servs Corp.*, 2013 U.S. Dist. LEXIS 28515, (S.D.N.Y. Feb. 25, 2013),

*aff'd*, 561 F. App'x 71 (2d Cir. 2014) (an in-court announcement can function as a memorializing writing); *Lopez v. City of New York*, 242 F. Supp. 2d 392, 394 (S.D.N.Y. 2003) ("although this is the type of contract normally reduced to writing, the agreement on [the] record in open court counts as a writing")).

Here, after the material terms of the parties' settlement agreement were recited and placed on the record, Plaintiff affirmed that he understood and accepted the material terms and that he ***"understood that by accepting these terms [he was] entering into a binding and enforceable oral agreement."*** *See* Transcript at 7 (emphasis added). Thereafter, Defendant also declared that it understood and accepted the terms of the agreement. *Id.* Accordingly, the Court should find that the parties intended to be bound by the settlement agreement the Court placed on the record at the settlement conference on February 1, 2019 and further, should order full compliance with the same.

**C.    This Court Has an Established Precedent of Properly Enforcing Oral Settlement Agreements Like the One at Issue Here.**

As shown above, all four factors militate in favor of enforcing the settlement agreement in this case – just as this Court has done in prior cases. In both *Kogut* and *Oparah*, the Honorable Sarah Netburn, United States Magistrate Judge, enforced oral settlement agreements under circumstances like those present here – where the parties reached an oral agreement which the Court placed on the record, but the plaintiffs subsequently refused to sign written agreements memorializing the terms. *Kogut*, 2017 U.S. Dist. LEXIS 53138, at *1-2; *Oparah,* 2015 U.S. Dist. LEXIS 90651, at *1-2. In both those cases, as in this one, the parties appeared before Judge Netburn for a settlement conference and, after negotiations, entered into binding and enforceable settlement agreements, which the Court placed on the record. *Kogut*, 2017 U.S. Dist. LEXIS 53138, at *5-10; *Oparah*, 2015 U.S. Dist. LEXIS 90651, at *3-4. After the Court

recited the material terms of the agreements, the parties affirmed that they understood the terms and agreed to be bound by the settlement agreements. *Id.* Neither of the parties objected, nor reserved the right not to be bound in the absence of a written agreement. *Id.* When the plaintiffs later refused to sign written agreements memorializing the terms of the settlements, the defendants moved to enforce the settlement agreements, and the Court granted both motions. *Kogut*, 2017 U.S. Dist. LEXIS 53138, at *37; *Oparah*, 2015 U.S. Dist. LEXIS 90651, at *21.

This case plainly calls for the same result. The Court should enforce the parties' oral settlement agreement, even in the absence of a memorializing writing.

## IV.    **CONCLUSION**

Based on the foregoing, Defendant respectfully requests that the Court grant its Motion, enforce the parties' settlement agreement, and dismiss this action with prejudice.

> **BRESSLER, AMERY & ROSS, P.C.**
> Attorneys for Defendant
> Merrill Lynch, Pierce, Fenner & Smith Inc.
>
>
> By:     */s/ Rima F. Hartman*
>         Rima F. Hartman, Esq.

Dated: May 9, 2019