UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

SONER ACUN,

                              Plaintiff,

-against-

MERRILL LYNCH, PIERCE, FENNER AND SMITH,

                              Defendant.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

18 Civ. 7217 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Soner Acun commenced this action against Defendant Merrill Lynch, Pierce, Fenner and Smith ("Merrill Lynch"), asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, and the Family and Medical Leave Act (the "FMLA"), 29 U.S.C. §§ 2601–54. (Am. Compl. and Jury Demand, ECF No. 8.) Plaintiff alleges that throughout his employment with Defendant, other employees discriminated against him on the basis of his race, religion, and national origin, and that Defendant retaliated against him for complaining about such discrimination and for taking leave under the FMLA. (*Id.* ¶¶ 80–98.) On February 1, 2019, the parties appeared for a settlement conference before Magistrate Judge Sarah Netburn. (*See* Minute Entry dated Feb. 1, 2019.) Defendant moves to enforce the settlement agreement entered into at that conference and to dismiss Plaintiff's complaint. (Notice of Mot. to Enforce the Parties' Settlement Agreement, ECF No. 35.)

Before this Court is Magistrate Judge Netburn's January 15, 2020 Report and Recommendation (the "Report"), recommending that Defendant's motion to enforce the

settlement agreement be granted, and that Plaintiff's claims be dismissed.[1] (Report, ECF No. 42, at 1.) Magistrate Judge Netburn advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 14–15.) Plaintiff filed timely objections. (Pl's Opp'n to R. & R. ("Objs."), ECF No. 44.) Defendant filed responses to those objections. (Def.'s Resp. to Pl.'s Objs. to the Mag. J.'s R. & R., ECF No. 46.) Having reviewed Magistrate Judge Netburn's Report, as well as Plaintiff's objections and Defendant's responses, this Court ADOPTS the Report in full and overrules Plaintiff's objections. Accordingly, Defendant's motion to enforce the settlement agreement reached on February 1, 2019 is GRANTED. Plaintiff's claims are dismissed.

## I. FACTUAL BACKGROUND

On February 1, 2019, the parties appeared before Magistrate Judge Netburn for a settlement conference. (*See* Minute Entry dated Feb. 1, 2019.) Plaintiff was represented by pro bono counsel, who appeared for the limited purpose of settlement matters. (Decl. of Rita F. Hartman in Supp. of Def.'s Mot. to Enforce the Parties' Settlement Agreement ("Decl."), Ex. A (Tr. of Settlement Conference dated Feb. 1, 2019 ("Tr.")), ECF No. 38, at 3:5–8.) While off the record, the parties reached an agreement regarding certain material settlement terms. Magistrate Judge Netburn brought the proceeding onto the record to note as such, and to create a binding oral contract between Plaintiff and Defendant. (*See id.* at 5:8–10 ("COURT: [T]oday, we're going to enter into an enforceable oral contract and set forth all of those material terms.").) Neither party objected to Magistrate Judge Netburn's declarations that the parties would be entering into an enforceable oral contract, and neither party reserved the right not to be bound absent a written agreement.

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

2

Magistrate Judge Netburn recited into the record the material terms of the parties' settlement agreement. (*Id.* at 5:11–6:10.) She asked the parties if they believed that her recitation included "all of the material terms of the settlement agreement," and both parties responded in the affirmative. (*Id.* at 6:11–17.) She then stated that she would "ask each party to enter into this agreement and then there will be a binding and enforceable oral agreement." (*Id.* at 6:18–20.) Magistrate Judge Netburn proceeded to ask Plaintiff directly if he "underst[oo]d these material terms of the agreement," and he responded that he did. (*Id.* at 6:20–23.) She asked him if he "accept[ed] them," and he again responded that he did. (*Id.* at 6:24–25) Finally, she asked if he "underst[oo]d that by accepting these terms [he is] entering into a binding and enforceable oral agreement." (*Id.* at 7:2–4) He responded, "Yes, I do." (*Id.* at 7:5.) Defendant's representative stated her authority and intent to bind Defendant, and she similarly stated that she understood and accepted the material terms of the settlement. (*Id.* at 7:6–8:2.) Accordingly, Magistrate Judge Netburn stated that she would notify this Court that this action had been resolved, and she directed the parties to memorialize the settlement in a written agreement. (*Id.* at 8:3–19.)

Despite negotiating several versions of a written agreement, the parties were unable to memorialize the settlement. (Def.'s Mem. of Law in Supp. of Mot. to Enforce the Parties' Settlement Agreement, ECF No. 37, at 3–4.) On March 26, 2019, Plaintiff requested to reinstate this action. (Appl. to Reinstate the Civil Action, ECF No. 22.) Subsequently, on May 9, 2019, Defendant requested leave to move to enforce the settlement agreement reached during the February 1, 2019 conference "under seal with narrowly tailored redactions to conceal only the confidential terms of the parties' settlement agreement." (*See* Order, ECF No. 29.) After Magistrate Judge Netburn conditionally granted the request, reserving her right to revisit her

decision to seal, (*id.*), Defendant filed the instant motion, (Notice of Mot. to Enforce the Parties' Settlement Agreement).

## II. LEGAL STANDARD

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## III. THE PARTIES ENTERED INTO A BINDING AND ENFORCEABLE ORAL SETTLEMENT AGREEMENT

The Second Circuit has articulated four factors that courts should consider in determining whether parties "intended to be bound in the absence of a document executed by both sides":

> (1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4)

4

whether the agreement at issue is the type of contract that is usually committed to writing.

*Winston v. Mediafare Entm't Corp.*, 777 F.2d 78, 80 (2d Cir. 1985). Here, Magistrate Judge Netburn correctly found upon review of the four *Winston* factors that the parties entered into a binding and enforceable oral settlement agreement at the February 1, 2019 conference. (*See* Report at 5–10, 14.) Plaintiff objects to Magistrate Judge Netburn's findings with respect to each of these factors, but because his objections repeat the arguments that he made in his original brief, they are perfunctory, and need be reviewed only for clear error.[2]

First, as to "whether there has been an express reservation of the right not to be bound in the absence of a writing," *Winston*, 777 F.2d at 80, Magistrate Judge Netburn properly determined that in reaching an oral agreement at the conference, the parties entered into a binding and enforceable settlement agreement. (*See* Report at 6.) As Magistrate Judge Netburn correctly noted, the fact that she directed the parties to memorialize the terms of their agreement in writing does not, in itself, preclude enforcement. (*Id.* (citing *Galanis v. Harmonie Club of City of New York*, 13 Civ. 4344 (GHW), 2014 WL 4928962, at *8 (S.D.N.Y. Oct. 2, 2014); *Shape CD, Ltd. v. Quiksilver, Inc.*, 07 Civ. 2033 (PKC), 2008 WL 2009668, at *2 (S.D.N.Y. May 6, 2008).) Nor does the inclusion of a merger clause—which was added to the proposed written agreement

---

[2] For example, with respect to the first *Winston* factor, Plaintiff insists in both his opposition to Defendant's motion and in his objections to the Report that various provisions in the proposed written settlement agreement express the parties' reservation not to be bound in the absence of a written agreement. (*See* Pl.'s Opp'n to Def.'s Mot. to Enforce the Settlement Agreement and Mem. of Law ("Opp'n"), at 5–7; Objs. at 2–4.) As to the second *Winston* factor, Plaintiff similarly reiterates his argument that there has been no partial performance of the agreement, given that Defendant made no payment to Plaintiff, and that Defendant's counsel allegedly breached the confidentiality provision of the oral agreement by disclosing its material terms in a publicly available filing. (*See* Opp'n at 7; Objs. at 4–5.) Plaintiff also rehashes his argument about the third factor, claiming that the parties did not agree at the conference on all of the material terms of the agreement, and that the proposed written agreement includes various terms that were never discussed. (*See* Opp'n at 7–9; Objs. at 5.) With respect to the final *Winston* factor, Plaintiff argues in both his original opposition and his objections that because of its complex terms and conditions, the proposed written agreement is the type of contract that is usually committed to writing. (*See* Opp'n at 9; Objs. at 6.)

5

subsequent to the conference—prove the parties' intent not to be bound at the time that they reached their oral agreement during the settlement conference. (*Id.*)

With respect to the second *Winston* factor—"whether there has been partial performance of the contract," *Winston*, 777 F.2d at 80—Magistrate Judge Netburn appropriately concluded that the parties' actions after the conference indicate their understanding that they had reached a settlement at the conference. (*See id.* at 6–7.) Namely, Defendant sent drafts of the written agreement to Plaintiff for his review, counsel for both parties discussed the drafts, and Plaintiff provided input and revisions. (Decl. ¶¶ 9–10.) As Magistrate Judge Netburn correctly observed, however, the second *Winston* factor only slightly favors enforcement, given that neither party affirmatively took any action required of them under the agreement, aside from ceasing their litigation. (*See* Report at 7.)

Magistrate Judge Netburn correctly found that the third *Winston* factor—"whether all of the terms of the alleged contract have been agreed upon," *Winston*, 777 F.2d at 80—weighs strongly in favor of enforcement. (*See id.* at 7–9.) Specifically, after the oral agreement was stated on the record, both parties expressly stated that Magistrate Judge Netburn's recitation of the agreement included all of the material terms, and that they understood and accepted those material terms. (Tr. at 5:11–8:2.)

Finally, as to "whether the agreement at issue is the type of contract that is usually committed to writing," *Winston*, 777 F.2d at 80, Magistrate Judge Netburn properly determined that the most recent draft of the written agreement "does not approach the complexity of those agreements typically considered to require a writing because the bulk of the document consists of standard boilerplate items contained in virtually all settlement agreements." (Report at 9.)

Because the first, third, and fourth *Winston* factors weigh strongly in favor of enforcement, while the second factor weights slightly in favor thereof, and because Plaintiff was present and represented by counsel during settlement negotiations and expressly indicated his assent on the record to the terms of the settlement agreement, the record supports the finding that the parties intended to be bound by the oral agreement reached at the February 1, 2019 conference.

## IV. CONCLUSION

Defendant's motion to enforce the settlement agreement, (ECF No. 35), is GRANTED. The Clerk of Court is directed close the motion accordingly, and to mail a copy of this memorandum decision and order to Plaintiff.

Dated: New York, New York
March 2, 2020

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge